IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN KEVIN SMAAGE,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS FENDER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-62-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Petitioner Shawn Kevin Smaage seeks a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Smaage is a state prisoner proceeding pro se.

## I. Procedural History

In 2000, Smaage pled guilty to the offense of Driving Under the Influence in Montana's Third Judicial District Court, Powell County. The trial court sentenced Smaage to a 13-month commitment to the Montana Department Corrections (DOC) and four years suspended on the DUI. An additional sentence of forty years, with twenty years suspended, was imposed for Smaage being a persistent felony offender (PFO) pursuant to Mont. Code Ann. §46-18-501. The trial court also imposed a ten-year parole restriction. (Doc. 1 at 1-2). Smaage discharged the

1

DUI sentence on August 28, 2005; he then began serving the PFO sentence. *Id*. at 2.[1]

Proceeding *pro se*, Smaage then filed a petition for a writ of habeas corpus in the Montana Supreme Court. Among other things, he argued that he had received two sentences for one crime and that because he had discharged the lawful DUI sentence, the consecutive PFO sentence he was serving was unlawful. See, *Smaage v. Berkebile*, OP 15-15-179, Pet. (filed March 23, 2015).[2] Based upon this rationale, Smaage requested immediate release from custody. The State was ordered to respond to Smaage's petition.

In its response, the State made a limited concession and acknowledged that, based upon a subsequent change in the law,[3] the trial court erred when it designated Smaage a PFO and then proceeded to sentence him to separate sentences for the DUI and the PFO designation. *Smaage v. Berkebile*, OP 15-15-179, Resp. at 2 (filed April 22, 2015). The State did not agree Smaage should be

---

[1] While on parole, Smaage violated the conditions of release and was returned to prison. Smaage was eventually charged with another DUI in a separate matter and received a separate PFO designation. That sentence, however, is not at issue in the present case. See: https://app.mt.gov/conweb/Offender/26911 (referencing PFO conviction out of Lewis and Clark County in Cause no. CDC 2014-28); see also, *State v. Smaage*, DA 15-0692, *Anders* Br. at 5 (filed Jan. 30, 2017).

[2] All state court briefs and opinions available at: https://supremecourtdocket.mt.gov/search/ (accessed October 26, 2017).

[3] At the time of Smaage's 2000 sentencing, a persistent felony offender sentence could be imposed in addition to the sentence on the underlying felony. See, *State v. Gunderson*, 282 Mont. 183, 936 P. 2d 804 (Mont. 1997); *State v. Robinson*, 341 Mont. 300, 117 P. 3d 488 (Mont. 2008). In 2010, the Montana Supreme Court overruled *Gunderson* and *Robinson* and held that sentences imposed based upon an offender's PFO status **replace** the sentence for the underlying felony. See, *State v. Gunderson* (*Gunderson II*), 2010 MT 166, ◻54, 357 Mont. 142, 237 P. 3d 74.

released or that his entire sentence should be discharged, rather, a recommendation was made to remand Smaage's case to the trial court for resentencing in compliance with the Montana Supreme Court's decision in *Gunderson II*. *Id*. at 2-5.

The Montana Supreme Court agreed with the State finding Smaage should have received only one sentenced based upon his PFO designation, because that sentence "replaces the underlying felony's sentence." *Smaage v. Berkebile*, OP 15-15-179, Or. at 1-2 (Mont. May 5, 2015), citing *Gunderson II*, ¶54. The Court did not adopt Smaage's position and order his release. Rather, his petition was granted in part and the matter was remanded to the trial court with the directive that Smaage be resentenced as a PFO. *Id*. at 2. The remainder of Smaage's claims were denied.

On July 21, 2015, a sentencing hearing was held in the trial court. (Doc. 1 at 3). Smaage's attorney apparently attempted to argue that because the original sentences were ordered to run consecutively and because Smaage had already discharged the DUI sentence, the trial court could not then go back and sentence Smaage as a PFO, because it would be sentencing him twice for the same crime. See e.g., *State v. Smaage*, DA 15-0692, *Anders* Br. at 4 (filed Jan. 30, 2017). The trial court was not persuaded by Smaage's position, instead it sentenced him as a PFO to 45 years and one month in prison, with 25 years and one month suspended,

and ordered a 10-year parole restriction. *Id*. at 5; (Doc. 1 at 3).

Smaage filed a Notice of Appeal and counsel was appointed to represent him. *Id*. Ultimately, the Montana Supreme Court granted Smaage's counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Smaage filed a response. The Court determined there were no meritorious arguments that could be raised and dismissed Smaage's appeal. *State v. Smaage*, DA 15-0692, Or. (Mont. March 14, 2017).

## II.   Smaage's Claims

Smaage argues that a miscarriage of justice has occurred because he has been unlawfully convicted for being a PFO and is imprisoned under a conviction not authorized by state statue. (Doc. 1 at 4-9). Smaage believes the judgment to be void and the conviction, therefore, invalid. *Id*. at 5-8. He contends the Montana Supreme Court lacked jurisdiction to order his resentencing. *Id*. at 7. Smaage asserts the process employed by the state courts constitutes a Due Process violation. *Id*. at 5-6. Smaage asks this Court to declare his PFO conviction and sentence illegal and order his release. *Id*. at 9.

## III.   Analysis

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per

curium). Federal habeas corpus relief is not available for errors in the application of state sentencing laws unless a petitioner can demonstrate fundamental unfairness. See *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994) ("absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"). However, a state court's arbitrary disregard of state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).

But, Smaage can make no such showing that a federal due process violation occurred. Once the State acknowledged an error had been made in Smaage's original 2000 sentencing due to a change in law, the Montana Supreme Court ordered Smaage's case be remanded for his resentencing as a PFO pursuant to *Gunderson II*. A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), cert denied, 522 U.S. 881 (1997).

Moreover, Smaage's rights were not arbitrarily disregarded nor was an unauthorized sentence imposed. The procedure outlined by Montana law was, indeed, followed. Thus, Smaage's claim is not subject to review by a federal court. See *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the

last word on interpretation of state law") (citations omitted); see also *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Because Smaage's claims are based on alleged violations of state law, they are not valid claims for federal habeas relief.

### IV.	Conclusion

Despite his protestations to the contrary, at its heart, Smaage's petition advances errors in the application of state sentencing laws. Accordingly, Smaage's petition should be dismissed with prejudice as the issues advanced are not cognizable claims for which federal habeas relief can be granted.

### V.	Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Smaage has not made a substantial showing that he was deprived of a constitutional right. There are no close questions and there is no reason to encourage further proceedings. Moreover, there is no doubt that this Court lacks jurisdiction to decide state law issues. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATIONS

1. Smaage's petition (Doc. 1) should be DISMISSED with prejudice as his claims are not cognizable in federal habeas.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smaage may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Smaage must immediately notify the Court of any change in his mailing

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Smaage is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 27th day of October, 2017.

>*/s/ John Johnston*
>John Johnston
>United States Magistrate Judge