IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
NOV 28 2017
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| SHAWN KEVIN SMAAGE, | CV 17-62-H-DLC-JTJ |
| Petitioner, | |
| vs. | ORDER |
| DOUGLAS FENDER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge John T. Johnston entered Findings and Recommendations in this case on October 27, 2017, recommending that Plaintiff Shawn Kevin Smaage's ("Smaage") petition under 28 U.S.C. § 2254 for writ of habeas corpus be denied because his claims are not cognizable in federal habeas. Smaage timely filed an objection to the findings and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is

left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed Smaage's objections, the Court finds that his arguments are duplicative of those made before and properly considered by Judge Johnston. The State of Montana already acknowledged that an error was made in Smaage's original 2000 sentence due to a change in the law, and the Montana Supreme Court remanded his case for resentencing. Thus, he has received the benefit of the Court's ruling in *State v. Gunderson (Gunderson II)*, 237 P. 3d 74 (Mont. 2010), where it found that sentences imposed based upon an offender's PFO status replace the sentence for the underlying felony. Smaage was resentenced to 45 years and one month in prison, with 25 years and one month suspended. Therefore, the proper procedure in state court was followed and Smaage cannot now "transform a state law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), *cert denied*, 522 U.S. 881 (1997).

Finally, the Court agrees with Judge Johnston's determination that a certificate of appealability is not warranted.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 7) are ADOPTED IN FULL. Smaage's petition for writ of habeas corpus

(Doc. 1) is DISMISSED WITH PREJUDICE as his claims are not cognizable in federal habeas.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 28th day of November, 2017.

Dana L. Christensen, Chief Judge
United States District Court