

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN KEVIN SMAAGE, | Cause No. CV 17-62-H-DLC-JTJ |
| Petitioner, | |
| vs. | ORDER |
| DOUGLAS FENDER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On May 25, 2017, Petitioner Shawn Kevin Smaage sought a writ of habeas corpus under 28 U.S.C. §2254. Mr. Smaage is a state prisoner proceeding pro se.

On October 27, 2017, Magistrate Judge Johnston entered Findings and Recommendations advising this Court Mr. Smaage's petition should be dismissed with prejudice because the claims Smaage advanced were not cognizable in federal habeas. (Doc. 7.) On November 8, 2017, Smaage filed an objection to the Magistrate Judge's recommendation. (Doc. 9.) On November 28, 2017, this Court entered an Order adopting the Magistrate Judge's Findings and Recommendations in full. (Doc. 10); *see also* (Doc. 11)(judgment entered 11/28/17.)

Two days after the entry of judgment, this Court received Smaage's Motion to Dismiss Prior Habeas Petition and Motion to File an Amended Brief. (Docs. 13

& 14.) On December 1, 2017, the Court received a Motion to Appoint Counsel. (Doc. 12.) Although Smaage's Motion to Dismiss and Motion to Appoint Counsel are not dated, the Motion to File Amended Brief is dated November 27, 2017. Accordingly, the Court will treat all the documents as if they were filed on November 27, 2017, prior to this Court's entry of judgment dismissing Smaage's petition, and address the merits of his motions.[1]

### i. Motion to Dismiss/Motion to Amend

Smaage already had the opportunity to present his claims to the Court and to lodge his objections to the Magistrate Judge's Findings and Recommendations. This Court addressed the merits of Smaage's petition and deemed the claims were not cognizable in federal habeas. Because Smaage has had the opportunity to fully litigate his petition, the Court lacks jurisdiction to hear any claims that Smaage now wishes to present. 28 U.S.C. § 2244(b)(1).

A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Accordingly, Smaage is required to

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)(pro se habeas petitioner's document deemed filed on the date of submission to prison authorities for mailing, as opposed to the date of its receipt by the clerk of court).

raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition.

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). Until Smaage obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam).

### ii. Motion to Appoint Counsel

Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993)(discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986)(per curiam)), or when an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Because this Court is without jurisdiction to allow Smaage to refile and relitigate his habeas claims, Smaage cannot make the requisite showing of

necessity for the appointment of counsel. At this juncture, Smaage's request is moot. Should he receive authorization to file a second or successive habeas petition from the Ninth Circuit, Smaage may renew his request for counsel at that time.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Mr. Smaage's Motion to Dismiss Prior Habeas Petition (Doc. 13) and Motion to File Amended Brief (Doc. 14) are DENIED for lack of jurisdiction.

2. Mr. Smaage's Motion to Appoint Counsel is DENIED as moot.

3. The Clerk of Court is directed to refile the judgment in the docket as of the date of this order to avoid confusion should Smaage choose to file an appeal.

DATED this 31st day of January, 2018.

Dana L. Christensen, Chief Judge
United States District Court